Zheng v. Wilkinson

BIA
Hom, IJ
A095 518 259

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-one.

PRESENT:
> PIERRE N. LEVAL,
> ROSEMARY S. POOLER,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

JINWEN ZHENG,
> *Petitioner,*

v.

ROBERT M. WILKINSON, ACTING
UNITED STATES ATTORNEY GENERAL,[1]
> *Respondent.*

18-3681
NAC

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted as Respondent.

**FOR PETITIONER:**         Zhen Liang Li, Esq., New York, NY.

**FOR RESPONDENT:**         Jeffrey Bossert Clark, Acting Assistant Attorney General; Carl McIntyre, Assistant Director; Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in remaining part.

Petitioner Jinwen Zheng, a native and citizen of the People's Republic of China, seeks review of a November 14, 2018, decision of the BIA affirming a September 29, 2017, decision of an Immigration Judge ("IJ") denying cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Jinwen Zheng,* No. A 095 518 259 (B.I.A. Nov. 14, 2018), *aff'g* No. A 095 518 259 (Immig. Ct. N.Y. City Sept. 29, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v.*

2

*Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Only the denial of cancellation and the denial of asylum and related relief on corroboration grounds are before us.

## I.  Cancellation of Removal

Our jurisdiction to review the agency's denial of cancellation of removal, including the hardship determination, is limited to colorable constitutional claims and questions of law.  *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39–40 (2d Cir. 2008).

A nonpermanent resident, such as Zheng, may have her removal canceled if she establishes, among other requirements, that her "removal would result in exceptional and extremely unusual hardship" to her U.S. citizen or lawful permanent resident spouse, parent, or child.  8 U.S.C. § 1229b(b)(1).  The agency concluded that Zheng failed to show that her removal would cause the requisite hardship to her U.S. citizen son.  Such hardship "must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country."  *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001) (quoting H.R. Conf. Rep. No. 104-828, at 213 (1996)).

We dismiss Zheng's petition as to her challenge of

3

cancellation of removal. Although the agency may commit an error of law if it "totally overlook[s]"or "seriously mischaracterize[s]" material facts, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), Zheng has not identified a colorable claim. The record reflects that the IJ and BIA considered her evidence. Zheng argues that the agency failed to consider "her husband's lack of immigration status, the tender age of the children, and their health problems, as well as the conditions in China informing her fear of persecution . . . [and] the hardship effect to the qualifying US citizen child in term[s] of school and medical qualities in China and parents' financial abilities." But the IJ's and BIA's decisions reflect that the agency considered these factors. To the extent that Zheng argues that the agency put too little weight on certain evidence, the weight the agency gives to the evidence and its balancing of factors is beyond our jurisdiction. *See Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010). Accordingly, we dismiss the petition as to cancellation because Zheng has not raised a colorable question of law. *See Xiao Ji Chen*, 471 F.3d at 329.

4

## II. Asylum, Withholding of Removal, and CAT: Corroboration

The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009) (reviewing factual findings underlying burden of proof determinations under the substantial evidence standard); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing application of law to undisputed fact de novo).

Zheng makes no claim of past persecution. Absent past persecution, an applicant may establish eligibility for asylum by demonstrating "that [s]he has a well-founded fear of future persecution, which requires that the alien present credible testimony that [s]he subjectively fears persecution and establish that h[er] fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(2). To demonstrate a well-founded fear, an applicant must show either a reasonable possibility that she "would be singled out individually for persecution" or that the country of removal has a "pattern or practice" of persecuting individuals "similarly situated" to her. 8 C.F.R. § 1208.13(b)(2)(iii). Where, as here, an applicant expresses a fear based on activities undertaken

solely in the United States, she "must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

The agency reasonably found that Zheng failed to satisfy her burden of proof because she provided insufficient evidence that the Chinese police were or would likely become aware of her religious practice in the United States and persecute her as a result. Zheng failed to submit evidence that Chinese authorities were aware of her religious activities or that she had sent her mother religious materials in 2012. The IJ was permitted to require additional corroboration because such evidence was reasonably available. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 198–99. At the time of Zheng's hearing in 2016, her mother was living in the United States as a lawful permanent resident, but her mother did not testify or provide a written statement to confirm Zheng's allegation that Chinese authorities had raided a religious gathering and learned that Zheng had sent religious materials to China. The IJ did not err in rejecting Zheng's explanation that she did not think

6

such evidence was necessary. *See* 8 U.S.C. § 1252(b)(4). Moreover, even though Zheng testified that she would continue practicing her faith in China, she failed to present objective evidence that the Chinese authorities would likely become aware of those activities and persecute her as a result, particularly as she did not corroborate her mother's alleged persecution. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). Zheng does not argue that there is a pattern or practice of persecution of Catholics. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (concluding that asylum applicant waives issues not raised in brief).

In sum, the agency did not err in finding that Zheng failed to satisfy her burden of establishing a well-founded fear of future persecution because she did not submit available corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 196–98. This finding is dispositive because a failure to meet the burden for asylum necessarily means that Zheng was unable to meet the higher burden for withholding of removal and CAT protection. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

7

For the foregoing reasons, Zheng's petition for review is DISMISSED in part and DENIED in remaining part.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court